

FILED

SEP 1 3 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

**CHRISTOPHER LACCINOLE**
*Plaintiff*

Vs.

**COVA Home Realty LLC,**
**&**
**DOES 1-10, inclusive**
*Defendants*

CA. NO.:  2:21cv 507

**JURY TRIAL REQUESTED**

## COMPLAINT

### I. INTRODUCTION

1.  Plaintiff, a consumer, alleges that COVA Home Realty LLC ("Cova") harassed him with robodialed telemarketing solicitations without the prior express written consent of Plaintiff.

2.  The Plaintiff brings this action alleging that the Defendant Cova and Does 1-10 engaged in harassing, abusive, and prohibited conduct while soliciting for business in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). The Plaintiff seeks statutory damages, and injunctive relief from each Defendant under the TCPA.

3.  The Plaintiff further alleges that Defendants engaged in harassing, abusive, and prohibited conduct while soliciting for business in violation of the Virginia Telephone Privacy Protection Act, Va. Stat. Ann. § 59.1-510 *et. seq.* (hereinafter "VTPPA"). The Plaintiff seeks statutory damages, attorney fees, costs, and injunctive relief from each Defendant under the VTPPA.

4.  Cova commissioned automated telemarketing text messages to send to Plaintiff's

1

wireless cellular telephone listed on the National Do Not Call Registry.

5. Cova failed to maintain adequate procedures to engage in telemarketing. This includes the creation, use, and accurate maintenance of an internal do not call list.

6. Plaintiff never consented to receive these calls and text messages.

7. Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5). See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

9. This Court has jurisdiction to hear the supplemental state law claims pursuant to 28 U.S.C § 1367.

10. Venue is proper because the Defendant Cova is a resident of the Commonwealth of Virginia and because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the automated calls at issue were commissioned from this District.

## III. PARTIES

11. Plaintiff is a natural person.

12. Plaintiff has a wireless cellular telephone with a Virginia area code.

13. Plaintiff is an adult resident of Narragansett, Rhode Island.

14. Defendant COVA Home Realty LLC is headquartered in Virginia Beach, VA, and is part of the Real Estate Industry.

15. Defendant maintains its headquarters at 2752 Nestlebrook Trail, Virginia Beach, VA,

23456.

16.    Upon information and belief, Defendant Cova may be served upon its registered agent in the Commonwealth of Virginia, to wit: Randolph James Tappen at 3720 Holland Rd Ste 103, Virginia Beach, VA, 23452-2859.

17.    Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV. TCPA BACKGROUND

18.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls to Cellular Telephones and Numbers Charged Per Call.

19.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system (ATDS) or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service or to a number that is charged per call. See 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

20.    According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

21.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

22.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

### The National Do Not Call Registry

23.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  See 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

24. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA's Internal Do Not Call List Requirements</u>

25. The TCPA's implementing regulations prohibit any company from initiating any telemarketing call unless the company has implemented internal procedures for maintaining a list of persons who request not to be called by the entity. 47 C.F.R. 64.1200(d). Such internal procedures must meet certain minimum requirements to allow the entity to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

26. This includes the requirements that:

- "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list" (47 C.F.R. 64.1200(d)(1));

- "Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list" (47 C.F.R. 64.1200(d)(2));

27. Pursuant to 47 C.F.R. 64.1200(e), the rules set forth above in 47 C.F.R. 64.1200(d) are "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers…."

## V. FACTUAL ALLEGATIONS

28. Plaintiff is a person as that term is defined by 47 U.S.C. § 153(39).

29. Defendant is a person as that term is defined by 47 U.S.C. § 153(39).

30. Defendant is a "telephone solicitor" as that term is defined by Va. Stat. Ann. § 59.1-510.

31.  In a quest to compete with other businesses, Cova implemented a telemarketing tool that transmitted text message solicitations to consumers.

32.  Cova transmitted these text messages to offer their real estate services.

33.  Cova transmitted these text messages to advertise property for sale.

34.  Cova transmitted these text messages to offer property for sale.

35.  Cova employed artificial or prerecorded messages.

36.  Plaintiff does not have a "personal relationship" with Cova as the term "personal relationship" is defined by Va. Stat. Ann. § 59.1-510.

37.  Plaintiff does not have a "established business relationship" with Cova as the term "established business relationship" is defined by Va. Stat. Ann. § 59.1-510.

38.  Plaintiff did not consent to Cova contacting him regarding any products or services.

39.  As a consumer, Plaintiff purchased a wireless cellular telephone in 2019 for residential purposes only.

40.  Plaintiff's wireless cellular telephone is not associated with any business.

41.  Plaintiff's wireless cellular telephone has a limited minutes plan and limited text messages plan, so that when Cova places calls or text messages to Plaintiff, Cova depletes the minutes or text messages on Plaintiff's plan.

42.  On June 24, 2021 at approximately 7:27 AM ET, Plaintiff received an artificial, prerecorded message from Cova on his wireless cellular telephone.

43.  The message came from a Virginia telephone number 757-231-9196 and is represented below:

6



44.    Cova initiated, or caused to be initiated, a telephone solicitation call to Plaintiff
       before 8:00 a.m. local time at Plaintiff's location.

45.    Cova never had the prior consent of Plaintiff to initiate a telephone solicitation call.

46.    "Paolo's assistant w/ Cova Home Realty" did not identify themselves by their first
       and last name.

47.    "Paolo's assistant w/ Cova Home Realty" did not identify the fully name of the
       "Paolo" person on whose behalf the telephone solicitation call is being made
       promptly upon making contact with the called person.

48.    Less than two hours after Plaintiff received the first solicitation text message from
       Cova, Plaintiff received yet another text message solicitation from Cova.

49.    The second message came from the same Virginia telephone number 757-231-9196
       on June 24, 2021 at approximately 9:21 AM ET and is represented below:

7



50. Cova acknowledged that they did not know if they had the correct number.

51. Cova acknowledged that they did not have consent to send telephone solicitations to Plaintiff's wireless cellular telephone.

52. Cova attempted to offer or advertise property for purchase through the telephone solicitation.

53. Because the artificial, prerecorded messages were for telemarketing purposes, Cova was required to have express written consent prior to making calls or sending text messages.

54. Plaintiff never confirmed any information to Cova.

55. Plaintiff never responded to any Cova messages because he didn't want to deplete the limited text message plan he purchased.

56. Plaintiff continued to receive telephone solicitations from Cova for several months thereafter.

57. Plaintiff's cellular telephone number has been listed with the national Do Not Call

registry since February 10, 2005.

58. The prerecorded messages did not clearly state the name under which the entity is registered to conduct business that is responsible for initiating the call to Plaintiff.

59. Defendants' text messages directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff purchased, and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

60. The text messages to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

61. The text messages were annoying, abusive, and harassing to Plaintiff.

62. The text messages to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

63. Defendants do not maintain a written policy for maintaining a do-not-call list.

64. Defendants have not informed and trained personnel engaged in making text messages on the use of the do-not-call list.

65. Plaintiff incurred damages as a result of Defendants' unlawful conduct.

66. Defendants' text messages harmed Plaintiff by causing the very harm that Congress sought to prevent-a "nuisance and invasion of privacy."

67. Defendants' text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

68. Defendants' text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

69. Defendants' text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

70. Defendants harassed Plaintiff by incessantly texting Plaintiff's telephone.

71. Defendants' text messages harmed Plaintiff by causing Plaintiff aggravation and annoyance.

72. Defendants' text messages harmed Plaintiff by wasting Plaintiff's time.

73. Defendants' text messages harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

74. Defendants' text messages harmed Plaintiff by using the limited text messages allocated to Plaintiff by Plaintiff's cellular telephone plan that he purchased.

75. Defendants' text messages harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

**COUNT I – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)**

76. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

77. Defendants violated regulations of the TCPA including, but not limited to, the following:

   i. No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

                                                 47 CFR § 64.1200(a)(2).

78. Defendants damaged Plaintiff by calling his cellular phone with telemarketing messages and using the limited minutes plan and limited text messages plan in Plaintiff's cellular telephone plan that Plaintiff purchased.

79. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

80.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C.
   § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)

81.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

82.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.    All artificial or prerecorded voice telephone messages shall at the beginning of
the message, state clearly the identity of the business, individual, or other entity
that is responsible for initiating the call. If a business is responsible for initiating
the call, the name under which the entity is registered to conduct business with
the State Corporation Commission (or comparable regulatory authority) must
be stated.

47 CFR § 64.1200(b)(1).

83.    Since Defendants did not properly identify themselves to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

84.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

85. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls without proper identification.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)

86. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

87. Defendants violated regulations of the TCPA including, but not limited to, the following:

i. In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

47 CFR § 64.1200(b)(3).

88. Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls or prerecorded messages to Plaintiff's cellular telephone.

89. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an

12

injunction prohibiting future conduct in violation of the TCPA.

90.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

> 1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
> 2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
> 3) Injunctive Relief to restrain and enjoin Defendant from placing calls without an interactive opt-out mechanism.
> 4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
> 5) Such other relief as the Court may deem just and appropriate.

### COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)

91.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

92.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

> i.    No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.
>
> 47 CFR § 64.1200(c)(2).

> ii.    The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."
>
> 47 CFR § 64.1200(e).

93.    Since Defendants called Plaintiff's cellular telephone while his telephone was on the

National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing

13

him to incur expenses from further phone calls or text messages to Plaintiff's cellular telephone.

94.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

95.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

    1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
    3) Injunctive Relief to restrain and enjoin Defendant from calling numbers on the National Do Not Call Registry.
    4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

96.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

97.    Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.    Written policy.  Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

                                                            47 CFR § 64.1200(d)(1).

98.    Defendants do not have a written policy, available upon demand, for maintaining a do-not-call list.

99.  As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to
     an award of statutory damages of $500.00 "for each such violation" and an
     injunction prohibiting future conduct in violation of the TCPA.

100. Since Defendants' violations were committed willfully and knowingly, Plaintiff
     requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for
     each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

   1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
   2) Statutory Damages in the amount of $1,500 for each such violation
      pursuant to 47 U.S.C. § 227(b)(3);
   3) Injunctive Relief to restrain and enjoin Defendant from placing calls
      without a written policy, available upon demand, for maintaining a do-
      not-call list.
   4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C.
      § 227(g).
   5) Such other relief as the Court may deem just and appropriate.

### COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)

101. The acts of the Defendants constitute violations of the Telephone Consumer
     Protection Act.

102. Defendants violated regulations of the TCPA including, but not limited to, the
     following:

   ii.  Training of personnel engaged in telemarketing.  Personnel engaged in any
        aspect of telemarketing must be informed and trained in the existence and use
        of the do-not-call list.

                                                       47 CFR § 64.1200(d)(2).

103. Defendants do not inform and train personnel in the existence and use of the do-not-
     call list.

104. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to
     an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

105.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls while not informing and training personnel on the existence and use of the do-not-call list.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)

106.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

107.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

iii.    Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

108.    Since Defendants did not identify the name of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

109.    Since Defendants did not identify the name of the entity on whose behalf the call is

being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses

to determine who called Plaintiff's cellular telephone.

110.   Since Defendants did not identify the telephone number of the caller, Defendants'
       conduct damaged Plaintiff by forcing him to incur expenses to determine who called
       Plaintiff's cellular telephone.

111.   Since Defendants did not identify the address of the caller, Defendants' conduct
       damaged Plaintiff by forcing him to incur expenses to determine who called
       Plaintiff's cellular telephone.

112.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to
       an award of statutory damages of $500.00 "for each such violation" and an
       injunction prohibiting future conduct in violation of the TCPA.

113.   Since Defendants' violations were committed willfully and knowingly, Plaintiff
       requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for
       each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls
   without proper identification.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C.
   § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT VIII – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

114.   The acts of the Defendants constitute violations of the Telephone Consumer
       Protection Act.

115.   Defendants' violations of the TCPA include, but are not limited to, the following:

    i.   Placing more than one telephone call to Plaintiff's cellular phone without

17

consent in violation of the TCPA regulations.

116. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

117. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IX – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)**

118. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

119. Defendants violated regulations of the TCPA including, but not limited to, the following:

i. No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

120. Defendants damaged Plaintiff by calling his cellular phone with telemarketing messages and using the limited minutes plan and limited text messages plan in Plaintiff's cellular telephone plan that Plaintiff purchased.

18

121. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

122. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

    1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

### COUNT X – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)

123. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

124. Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.   All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

                                                      47 CFR § 64.1200(b)(1).

125. Since Defendants did not properly identify themselves to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

126.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

127.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls without proper identification.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XI – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)

128.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

129.   Defendants violated regulations of the TCPA including, but not limited to, the following:

i.   In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

47 CFR § 64.1200(b)(3).

130.   Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

131. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

132. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(a
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls without an interactive opt-out mechanism.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XII – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)

133. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

134. Defendants violated regulations of the TCPA including, but not limited to, the following:

i. No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 CFR § 64.1200(c)(2).

ii. The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

135. Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls and text messages to Plaintiff's cellular telephone.

136. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

137. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls to numbers on the National Do Not Call Registry.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)

138. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

139. Defendants violated regulations of the TCPA including, but not limited to, the following:

iv. Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

47 CFR § 64.1200(d)(1).

140.   Defendants do not have a written policy, available upon demand, for maintaining a do-not-call list.

141.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

142.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls without a written policy, available upon demand, for maintaining a do-not-call list.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)

143.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

144.   Defendants violated regulations of the TCPA including, but not limited to, the following:

v.   Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

47 CFR § 64.1200(d)(2).

145.   Defendants do not inform and train personnel in the existence and use of the do-not-

call list.

146.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

147.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls with personnel who are not informed and trained in the existence and use of the do-not-call list.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XV – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)

148.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

149.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

vi.   Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

150.   Since Defendants did not identify the name of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

151. Since Defendants did not identify the name of the entity on whose behalf the call is being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

152. Since Defendants did not identify the telephone number of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

153. Since Defendants did not identify the address of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

154. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

155. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls without proper identification.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVI – VTPPA Va. Stat. Ann. § 59.1-511

156. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

157. Defendants initiated, or caused to be initiated, a telephone solicitation call at any time other than between 8:00 a.m. and 9:00 p.m. local time at Plaintiff's location.

158. Defendant did not obtain the prior consent of Plaintiff.

159. Defendants are in willful violation of Va. Stat. Ann. § 59.1-511.

160. As a result of such conduct and actions, the Plaintiff has suffered actual damages.

161. The Plaintiff is entitled to an award of statutory damages in the amount of $5,000 per violation pursuant to Va. Stat. Ann. § 59.1-515.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Statutory Damages in the amount of $5,000 for each violation;
2) Injunctive Relief to restrain and enjoin Defendants from placing telephone solicitation calls at any time other than between 8:00 a.m. and 9:00 p.m. local time at the called party's location;
3) Attorney fees and costs;
4) Such other relief as the Court may deem just and appropriate.

### COUNT XVII – VTPPA Va. Stat. Ann. § 59.1-512

162. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

163. Defendants did not identify themselves by their first and last names during the solicitations.

164. Defendants did not identify the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with Plaintiff.

165. Defendants are in willful violation of Va. Stat. Ann. § 59.1-512.

166. As a result of such conduct and actions, the Plaintiff has suffered actual damages.

167. The Plaintiff is entitled to an award of statutory damages in the amount of $5,000 per violation pursuant to Va. Stat. Ann. § 59.1-515.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Statutory Damages in the amount of $5,000 for each violation;
2) Injunctive Relief to restrain and enjoin Defendants from further violations;
3) Attorney fees and court costs;
4) Such other relief as the Court may deem just and appropriate.

### COUNT XVIII – VTPPA Va. Stat. Ann. § 59.1-514

168. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

    paragraphs and incorporates them into this Count.

169. Defendants initiated, or cause to be initiated, a telephone solicitation call to a

    telephone number on the National Do Not Call Registry maintained by the federal

    government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47

    C.F.R. § 64.1200.

170. Defendants are in willful violation of Va. Stat. Ann. § 59.1-514 B.

171. As a result of such conduct and actions, the Plaintiff has suffered actual damages.

172. The Plaintiff is entitled to an award of statutory damages in the amount of $5,000 per

    violation pursuant to Va. Stat. Ann. § 59.1-515.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Statutory Damages in the amount of $5,000 for each violation;
2) Injunctive Relief to restrain and enjoin Defendants from further violations;
3) Attorney fees and costs;
4) Such other relief as the Court may deem just and appropriate.

27

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

## CERTIFICATION

I declare under penalty of perjury that no attorney prepared or assisted in the preparation of this document.

Christopher M. Laccinole

Sep 7, 2021
Date Executed