UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**CHRISTOPHER LACCINOLE**
*Plaintiff*

                              **CA. NO.: 21-cv-507-RAJ-DEM**

**Vs.**

**COVA HOME REALTY LLC**
**&**
**RANDOLPH JAMES TAPPEN**            **JURY TRIAL REQUESTED**
**&**
**KD HOMES VA LLC**
**&**
**KELLY LIEDTKE**
**&**
**DOES 1-10, inclusive**
*Defendants*

<u>**SECOND AMENDED COMPLAINT**</u>

**I. INTRODUCTION**

1.     Plaintiff, a consumer, alleges that COVA Home Realty LLC ("Cova"), Randolph James Tappen, KD Homes VA LLC, and Kelly Liedtke harassed him with robodialed telemarketing solicitations for one year without the prior express written consent of Plaintiff.

2.     Even though Plaintiff has repeatedly told Cova and Cova's agents and Cova's Defense Counsel to stop calling and text messaging Plaintiff with telephone solicitations, Cova continues to call and text message Plaitniff with solicitations for its real estate business.  This must stop.

3.     The Plaintiff brings this action alleging that the Defendants and Does 1-10 engaged in harassing, abusive, and prohibited conduct while soliciting for business in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter

"TCPA"). The Plaintiff seeks statutory damages, and injunctive relief from each Defendant under the TCPA.

4. The Plaintiff further alleges that Defendants engaged in harassing, abusive, and prohibited conduct while soliciting for business in violation of the Virginia Telephone Privacy Protection Act, Va. Stat. Ann. § 59.1-510 *et. seq.* (hereinafter "VTPPA"). The Plaintiff seeks statutory damages, attorney fees, costs, and injunctive relief from each Defendant under the VTPPA.

5. Defendants commissioned telemarketing text messages and telephone calls to send to Plaintiff's wireless cellular telephone listed on the National Do Not Call Registry.

6. Defendants failed to maintain adequate procedures to engage in telemarketing. This includes the creation, use, and accurate maintenance of an internal do not call list.

7. Plaintiff never consented to receive these calls and text messages.

8. Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5). See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

10. This Court has jurisdiction to hear the supplemental state law claims pursuant to 28 U.S.C § 1367.

11. Venue is proper because the Defendants are residents of the Commonwealth of Virginia and because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the telemarketing calls at issue were

commissioned from this District.

## III. PARTIES

12. Plaintiff is a natural person.

13. Plaintiff has a wireless cellular telephone with a Virginia area code.

14. Plaintiff is an adult resident of Narragansett, Rhode Island.

15. Defendant COVA Home Realty LLC ("Cova") is headquartered in Virginia Beach, VA, and is part of the Real Estate Industry.

16. Defendant Cova maintains its headquarters at 2752 Nestlebrook Trail, Virginia Beach, VA, 23456.

17. Upon information and belief, Defendant Cova may be served upon its registered agent in the Commonwealth of Virginia, to wit: Randolph James Tappen at 3720 Holland Rd Ste 103, Virginia Beach, VA, 23452-2859.

18. Defendant Randolph James Tappen ("Tappen") is a manager of Cova and is part of the Real Estate Industry.

19. Tappen maintains Cova headquarters at 2752 Nestlebrook Trail, Virginia Beach, VA, 23456.

20. Upon information and belief, Defendant Tappen may be served wherever he may be found in Virginia, Florida, or elsewhere.

21. Defendant KD Homes VA LLC ("KD") is a real estate business headquartered at 612 Cheeseman Ct, Newport News, VA, 23608.

22. Upon information and belief, Defendant KD may be served upon its registered agent in the Commonwealth of Virginia, to wit: Kelly Liedtke at 612 Cheeseman Ct, Newport News, VA, 23608.

23.    Defendant Kelly Liedtke ("Liedtke") is the manager of KD, and maintains KD's headquarters in Newport News, VA.

24.    Liedtke is part of the Real Estate Industry.

25.    Upon information and belief, Defendant Liedtke may be served wherever Defendant may be found.

26.    Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV.  TCPA BACKGROUND

27.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Telemarketing Calls to Cellular Telephones and Numbers Charged Per Call.</u>

28.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, automated telemarketing calls are prohibited because, as Congress found, automated telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

29.    The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and*

*Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

<u>The National Do Not Call Registry</u>

30.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  See 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

31.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA's Internal Do Not Call List Requirements</u>

32.    The TCPA's implementing regulations prohibit any company from initiating any telemarketing call unless the company has implemented internal procedures for maintaining a list of persons who request not to be called by the entity. 47 C.F.R. 64.1200(d). Such internal procedures must meet certain minimum requirements to allow the entity to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

33.    This includes the requirements that:

- "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list" (47 C.F.R. 64.1200(d)(1));

- "Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list" (47 C.F.R. 64.1200(d)(2));

34.  Pursuant to 47 C.F.R. 64.1200(e), the rules set forth above in 47 C.F.R. 64.1200(d) are "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers...."

## V.  FACTUAL ALLEGATIONS

35.  Plaintiff is a person as that term is defined by 47 U.S.C. § 153(39).

36.  Defendants are persons as that term is defined by 47 U.S.C. § 153(39).

37.  Defendants are "telephone solicitors" as that term is defined by Va. Stat. Ann. § 59.1-510.

38.  In a quest to compete with other businesses, Defendants used a telemarketing tool that transmitted solicitations to consumers via phone calls and text messages.

39.  Defendants transmitted these calls and text messages to offer their real estate services.

40.  Defendants transmitted these calls and text messages to advertise property for sale.

41.  Defendants transmitted these calls and text messages to offer property for sale.

42.  Plaintiff does not have a "personal relationship" with any Defendant as the term "personal relationship" is defined by Va. Stat. Ann. § 59.1-510.

43.  Plaintiff does not have a "established business relationship" with any Defendant as the term "established business relationship" is defined by Va. Stat. Ann. § 59.1-510.

44.  Plaintiff did not consent to any Defendant contacting him regarding any products or services.

45.  As a consumer, Plaintiff purchased a wireless cellular telephone in 2019 for residential purposes only.

46.  Plaintiff's wireless cellular telephone is not associated with any business.

47. Plaintiff's wireless cellular telephone has a limited minutes plan and limited text messages plan, so that when Defendants place calls or text messages to Plaintiff, Defendants deplete the minutes or text messages on Plaintiff's plan.

48. On June 24, 2021 at approximately 7:27 AM ET, Plaintiff received a telemarketing text message from Cova Home Realty on his wireless cellular telephone.

49. The message came from a Virginia telephone number 757-231-9196 and is represented below:



50. Cova initiated, or caused to be initiated, a telephone solicitation call to Plaintiff's cellular telephone before 8:00 a.m. local time at Plaintiff's location.

51. Upon information and belief, Cova and/or Cova's agent uses the phone number 757 231 9196 to contact consumers such as Plaintiff.

52. The agent from "Cova Home Realty" did not identify themselves by their first and last name.

53. Less than two hours after Plaintiff received the first solicitation text message from Cova, Plaintiff received yet another text message solicitation from Cova.

54. The second message came from the same Virginia telephone number 757-231-9196

7

on June 24, 2021 at approximately 9:21 AM ET and is represented below:



55. Cova acknowledged in the above message that Cova did not know if Cova had the correct number.

56. Cova acknowledged that Cova did not have consent to send telephone solicitations to Plaintiff's wireless cellular telephone.

57. Plaintiff never confirmed any information to Cova or to any other Defendant.

58. Plaintiff never indicated any interest in Defendants' services.

59. Cova attempted to offer or advertise property for purchase through the telephone solicitation.

60. The web address that Cova sent to Plaintiff redirects to www.wesellhamptonroadsva.com.

61. When Plaintiff visited this website, he saw the Cova logo and Cova copyright prominently displayed on the front page:

8



62.    This logo above matches the logo that Defendant Tappen uses on his Facebook page[1]

for Cova Home Realty:



63.    Despite the fact that Plaintiff did not respond to these messages, **Cova continued to
send even more messages for one year to Plaintiff**.

64.    Cova authorized and approved these messages to induce Plaintiff into purchasing a
home from Cova.

65.    Cova's text messages included listings for real estate properties that were for sale.

66.    Cova asked Plaintiff to "walk a few open houses" in order to sell property to
Plaintiff.

67.    Cova's messages encouraged Plaintiff to buy real estate.

68.    On June 25, 2021 and again on June 27, 2021, Cova transmitted the following

---

[1] See Randy Tappen - COVA Home Realty at https://www.facebook.com/Randy-Tappen-COVA-Home-Realty-286300913360/photos/?ref=page_internal; Accessed June 13, 2022.

messages from the same Virginia telephone number 757-231-9196 to Plaintiff:



69.     On June 28, 2021 and again on July 4, 2021, Cova transmitted the following

messages from the same Virginia telephone number 757-231-9196 to Plaintiff:



70.     On July 8, 2021 and again on July 14, 2021, Cova transmitted the following

messages from the same Virginia telephone number 757-231-9196 to Plaintiff:



71.     On July 15, 2021 and again on July 22, 2021, Cova transmitted the following

messages from the same Virginia telephone number 757-231-9196 to Plaintiff:



72.    On July 24, 2021 and again on August 9, 2021, Cova transmitted the following

messages from the same Virginia telephone number 757-231-9196 to Plaintiff:



### COVA KEEPS CALLING PLAINTIFF AND SENDING PLAINTIFF TEXT MESSAGES EVEN AFTER FILING A DISMISSAL MOTION IN THIS ACTION.

73. On September 7, 2021, Plaintiff mailed the initial Complaint in this matter to the US District Court in Norfolk, Virginia.

74. Thereafter in September of 2021, Plaintiff contracted with a private process server to perfect service of the original complaint in this matter upon Defendant Cova Home Realty LLC.

75. Despite multiple attempts to serve Cova in both Virginia and Florida, Cova's registered agent, Randolph James Tappen, repeatedly refused and evaded service for months.

76. While Plaintiff's process server was attempting to serve Defendant Cova, Cova continued to robocall Plaintiff.

77. On October 19, 2021 at 11:18 AM ET, Plaintiff sent a text message to Cova, telling Cova, "You have the wrong number. Please don't call/text."



78. After the Virginia Secretary of State finally served Defendant Cova in November of 2021, **Cova continued to robodial Plaintiff with both calls and text messages.**

79. On December 3, 2021, Cova filed a dismissal motion (Docket No. 10).

80. Just days after filing that dismissal motion, **Cova continued to robodial Plaintiff**

**with both calls and text messages.**

81. On December 27, 2021, Plaintiff mailed and emailed Cova Defense Counsel his First Amended Complaint, which was subsequently filed on December 30, 2021 as Docket No. 14.

82. On January 7, 2022, Plaintiff had a phone conference with Cova Defense Counsel wherein Plaintiff informed Cova Defense Counsel that he was STILL receiving phone calls and text messages from Cova.

83. During that January 7, 2022 conference call, Defense Counsel requested a copy of Plaintiff's call logs as well as screenshots of the text messages at issue.

84. That same day, on January 7, 2022, Plaintiff emailed Defense Counsel with all call logs, and all screenshots of the calls and text messages.  Plaintiff further provided Defense Counsel with his cellular telephone number that was receiving Cova calls and text messages.

85. **Despite providing all call logs, screenshots and the phone number at issue in this case, Cova kept calling and text messaging Plaintiff over and over again.**

86. On January 22, 2022 at 8:03 AM ET, Cova transmitted the following message from the Virginia telephone number 757-244-9835 to Plaintiff:



87.   Upon information and belief, the "Crush Real Estate Team" is an affiliate or work group within Cova Home Realty LLC.

88.   On January 22, 2022 at 10:47AM ET, Cova called Plaintiff's cellular phone from the same Virginia telephone number 757-244-9835.

89.   On February 2, 2022 at 5:28PM ET, Cova called Plaintiff's cellular phone from the same Virginia telephone number 757-244-9835.

90.   On March 3, 2022 at 10:29AM ET, Cova called Plaintiff's cellular phone from the same Virginia telephone number 757-244-9835.

91.   When Plaintiff answered the call from 757-244-9835, he heard a woman's voice saying her name was "Natalie from Cova Home Realty."

92.   One minute later, at 10:30 AM ET on March 3, 2022, Cova transmitted the following message from the Virginia telephone number 757-244-9835 to Plaintiff:



93.    On May 18, 2022 at 3:34PM ET, Cova called Plaintiff's cellular phone from the

same Virginia telephone number 757-703-1495.

94.    When Plaintiff answered the call from 757-703-1495, he heard a woman's voice

saying she was calling from the "Crush Real Estate Team."

95.    Despite several clear and unmistakable requests to stop calling and texting Plaintiff,

Defendant Cova continues to call and text Plaintiff.

**KD HOMES VA LLC AND CRUSH REAL ESTATE START ROBOCALLING
PLAINTIFF ON BEHALF OF COVA HOME REALTY.**

96.    On September 12, 2021 at 2:18 PM ET, Plaintiff's cellular phone rang with a call

from (757) 280-4177.

97.    Before Plaintiff could answer the call, the caller hung up on Plaintiff.

98.    One minute later at 2:19 PM ET on September 12, 2021, Plaintiff received a text

message from the same number (757) 280-4177:



99.   The caller used the name "Paolo Villaflor with K&D Homes VA."

100.   Upon information and belief, "Paolo Villaflor" is the same "Paolo" from Cova Home Realty.

101.   Upon information and belief, "K&D Homes VA" is the alias for Defendant KD Homes VA LLC.

102.   Defendant KD maintains a website under the alias "Crush Real Estate Team" wherein KD states, "KD Homes VA is a team of experienced, licensed real estate agents serving the Yorktown, VA metro area. With a proven track record of getting results quickly and a direct line of communication at all times."[2]

103.   As stated above, this website is affiliated with Defendant Cova Home Realty LLC.

104.   Defendant KD Homes VA is managed by Defendant Kelly Liedtke.

105.   On Defendant Kelly Liedtke's Facebook page,[3] she identifies herself as an agent of

---

[2] https://www.wesellhamptonroadsva.com/team-page; Accessed June 13, 2022.
[3] See Kelly Liedtke Facebook page at:
https://www.facebook.com/MovewithKelly/posts/pfbid0ZApMcHERSVzmWRPBPk66GyCjfV1p98rn9hcuuPkNchz3YwxsEqNwd86q81pjKQRNI; Accessed June 13, 2022.

the Crush Real Estate Team at Cova Home Realty:



106.    Notably, Defendant Kelly Liedtke uses the hashtags #Cova and #CovaHomerealty

so that Facebook searches for "Cova Home Realty" will show results for Defendant

Liedtke's Facebook page.

107.    Liedtke, as a manager for KD Homes VA, works as an agent of Cova Home Realty.

108.    Upon information and belief, Liedtke maintains a policy to keep a "direct line of

communication at all times" to consumers like Plaintiff from KD Homes VA and the

Crush Real Estate Team at Cova Home Realty.

109.    Plaintiff continued to receive calls from the same number (757) 280-4177 on

November 21, 2021, and on December 16, 2021.

110.    On December 16, 2021, Plaintiff received a text message from the same number

(757) 280-4177:



111.    Even though the above two messages were sent three months apart, they are

identical in every way.  Both messages had the same words, same character count,

and originated from the same phone number.

**COVA KEEPS CALLING PLAINTIFF AND SENDING PLAINTIFF TEXT
MESSAGES EVEN AFTER FILING A _SECOND_ DISMISSAL MOTION.**

112. On May 31, 2022, Defendant Cova filed its second motion to dismiss at Docket
Numbers 17 and 18.

113. _Not even an hour after Cova filed its second dismissal motion with this Court_, Cova called
Plaintiff and sent Plaintiff yet another text message.

114. On May 31, 2022 at 3:23 PM ET, Plaintiff's cellular phone rang with a call from
(757) 294-8211.

115. Before Plaintiff could answer the call, the caller hung up on Plaintiff.

116. One minute later at 3:24 PM ET on May 31, 2022, Plaintiff received a text message
from the same number (757) 294-8211:



117. The very next day on June 1, 2022, Cova called Plaintiff twice and Cova sent
Plaintiff another text message.

118. On June 1, 2022 at 6:17 PM ET, Plaintiff's cellular phone rang with a call from (757)
703-1615.

119. When Plaintiff answered the call, a woman with a foreign accent responded and said

20

she was "Elena Petrova calling from Cova Home Realty." She stated "I just want to see if you are still interested to buy a home in our area."

120.    Plaintiff could not understand the woman, so he asked, "which company are you from?"

121.    The woman responded, "Cova Home Realty."

122.    A few minutes later at 6:25 PM ET on June 1, 2022, Plaintiff received a text message from the same woman using the number (757) 703-1615:



123.    A few minutes later at 6:32 PM ET on June 1, 2022, Plaintiff received yet another phone call from the same woman using the number (757) 703-1615.

124.    On June 9, 2022 at 12:20 PM ET, Plaintiff's cellular phone rang with a call from (757) 280-4177.

125.    When Plaintiff answered the call, a man with a foreign accent responded and said he was "Paolo Villaflor."

126. Plaintiff asked the man, "Is this from Cova Home Realty?"

127. Paolo Villaflor responded to Plaintiff, "Yes Sir."

128. Cova authorized its telemarketer agents and/or employees (including but not limited to KD Homes VA, Kelly Liedtke, Paolo Villaflor, and Crush Real Estate Team) to call and text message consumers on behalf of Cova Home Realty LLC.

129. Cova participated in developing the script that telemarketer agents and/or employees use for such calls and text messages.

130. Cova further required that telemarketers follow the script verbatim.

131. Cova and the other named Defendants have accepted the benefits of the unlawful acts either knowingly or with willful ignorance of the material facts.

132. The employees or agents of Cova who called and texted Plaintiff acted or purported to act as an agent on the behalf of Cova.

133. Cova's agents who engaged in calling and texting Plaintiff were acting within the scope of their authority.

134. Defendants Cova and Tappen were and are aware of the legal violations from the agents and/or employees involved in calling and texting Plaintiff.

135. Despite being put on notice of this lawsuit, Defendants Cova, Tappen, KD, and Liedtke took no meaningful action to ensure compliance with the statutes, and Cova profited from the actions of their agents or employees as they continued to violate the statutes.

136. Nearly every one of the Cova messages identified "Cova Home Realty" in the text of the message.

137. Several of the messages linked to Cova Home Realty's copyrighted website.

138.   Plaintiff's cellular telephone number has been listed with the national Do Not Call registry since February 10, 2005.

139.   The messages did not clearly state the name under which the entity is registered to conduct business that is responsible for initiating the call to Plaintiff.

140.   Defendants texted or called Plaintiff at least 30 times since beginning their campaign.

141.   Defendants' calls and text messages directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff purchased, and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

142.   The calls and text messages to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

143.   The calls and text messages were annoying, abusive, and harassing to Plaintiff.

144.   The calls and text messages to Plaintiff invaded the privacy interests that the TCPA and VTPPA were intended to protect.

145.   Defendants do not maintain a written policy for maintaining a do-not-call list.

146.   Defendants have not informed and trained personnel engaged in making calls and text messages on the use of the do-not-call list.

147.   Plaintiff incurred damages as a result of Defendants' unlawful conduct.

148.   Defendants' calls and text messages harmed Plaintiff by causing the very harm that Congress sought to prevent-a "nuisance and invasion of privacy."

149.   Defendants' calls and text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

150.   Defendants' calls and text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

151.  Defendants' calls and text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

152.  Defendants harassed Plaintiff by incessantly calling and texting Plaintiff's telephone.

153.  Defendants' calls and text messages harmed Plaintiff by causing Plaintiff aggravation and annoyance.

154.  Defendants' calls and text messages harmed Plaintiff by wasting Plaintiff's time.

155.  Defendants' calls and text messages harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

156.  Defendants' calls and text messages harmed Plaintiff by using the limited text messages allocated to Plaintiff by Plaintiff's cellular telephone plan that he purchased.

157.  Defendants' calls and text messages harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

**COUNT I – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)**

158.  The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

159.  Defendants' violations of the TCPA include, but are not limited to, the following:

   i.   Placing more than one telephone call or text message to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

160.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

161.  Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

162. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

163. Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.   No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 CFR § 64.1200(c)(2).

ii.  The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

164. Since Defendants called and texted Plaintiff's cellular telephone while his telephone

was on the National Do Not Call Registry, Defendants' conduct damaged Plaintiff

by forcing him to incur expenses from further phone calls and text messages to

Plaintiff's cellular telephone.

165.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

166.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2)  Statutory Damages in the amount of $1,500 for each such violation
    pursuant to 47 U.S.C. § 227(c)(5);
3)  Injunctive Relief to restrain and enjoin Defendant from placing calls or
    text messages to numbers on the National Do Not Call Registry.
4)  Referral to the Virginia Attorney General for prosecution under 47 U.S.C.
    § 227(g).
5)  Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

167.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

168.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.  Written policy.  Persons or entities making calls for telemarketing purposes
    must have a written policy, available upon demand, for maintaining a do-not-
    call list.

                                              47 CFR § 64.1200(d)(1).

169.    Defendants do not have a written policy, available upon demand, for maintaining a

do-not-call list.

170.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

171.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls and text messages without a written policy, available upon demand, for maintaining a do-not-call list.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

172.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

173.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

ii.     Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

47 CFR § 64.1200(d)(2).

174.    Defendants do not inform and train personnel in the existence and use of the do-not-call list.

175.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

176.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from placing calls and text messages with personnel who are not informed and trained in the existence and use of the do-not-call list.
4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

177. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

178. Defendants violated regulations of the TCPA including, but not limited to, the

following:

   iii.   Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

                                    47 CFR § 64.1200(d)(4).

179. Since Defendants did not identify the name of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

180. Since Defendants did not identify the name of the entity on whose behalf the call is

being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses

to determine who called Plaintiff's cellular telephone.

181. Since Defendants did not identify the telephone number of the caller, Defendants'

conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

182. Since Defendants did not identify the address of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

183. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

184. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

    1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
    3) Injunctive Relief to restrain and enjoin Defendant from placing calls and text messages without proper identification.
    4) Referral to the Virginia Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

## COUNT VI – VTPPA Va. Stat. Ann. § 59.1-511

185. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

186. Defendants initiated, or caused to be initiated, a telephone solicitation call at any time other than between 8:00 a.m. and 9:00 p.m. local time at Plaintiff's location.

187. Defendant did not obtain the prior consent of Plaintiff.

188. Defendants are in willful violation of Va. Stat. Ann. § 59.1-511.

29

189.  Because Defendants willfully violated the Virginia Telephone Privacy Protection

Act, the court may increase the amount of any damages awarded for a first or second

violation under § 59.1-515(A) to $5,000 for the first and second violations.

190.  As a result of such conduct and actions, the Plaintiff has suffered actual damages.

191.  The Plaintiff is entitled to an award of statutory damages in the amount of $5,000 per

violation pursuant to Va. Stat. Ann. § 59.1-515.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

    1) Statutory Damages in the amount of $5,000 for each violation;
    2) Injunctive Relief to restrain and enjoin Defendants from placing telephone solicitation calls at any time other than between 8:00 a.m. and 9:00 p.m. local time at the called party's location;
    3) Attorney fees and costs;
    4) Such other relief as the Court may deem just and appropriate.

## COUNT VII – VTPPA Va. Stat. Ann. § 59.1-512

192.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

193.  Defendants did not identify themselves by their first and last names during the

solicitations.

194.  Defendants did not identify the name of the person on whose behalf the telephone

solicitation call is being made promptly upon making contact with Plaintiff.

195.  Defendants are in willful violation of Va. Stat. Ann. § 59.1-512.

196.  Because Defendants willfully violated the Virginia Telephone Privacy Protection

Act, the court may increase the amount of any damages awarded for a first or second

violation under § 59.1-515(A) to $5,000 for the first and second violations.

197.  As a result of such conduct and actions, the Plaintiff has suffered actual damages.

198.  The Plaintiff is entitled to an award of statutory damages in the amount of $5,000 per

violation pursuant to Va. Stat. Ann. § 59.1-515.

**Wherefore**, the Plaintiff requests judgment against each Defendant for:

1) Statutory Damages in the amount of $5,000 for each violation;
2) Injunctive Relief to restrain and enjoin Defendants from further violations;
3) Attorney fees and court costs;
4) Such other relief as the Court may deem just and appropriate.

### COUNT VIII – VTPPA Va. Stat. Ann. § 59.1-514

199. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

200. Defendants initiated, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. § 64.1200.

201. Despite Plaintiff's request to stop calling and texting, Defendants continue to call and text Plaintiff against his wishes.

202. Defendants are in willful violation of Va. Stat. Ann. § 59.1-514 B.

203. Because Defendants willfully violated the Virginia Telephone Privacy Protection Act, the court may increase the amount of any damages awarded for a first or second violation under § 59.1-515(A) to $5,000 for the first and second violations.

204. As a result of such conduct and actions, the Plaintiff has suffered actual damages.

205. The Plaintiff is entitled to an award of statutory damages in the amount of $5,000 per violation pursuant to Va. Stat. Ann. § 59.1-515.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Statutory Damages in the amount of $5,000 for each violation;
2) Injunctive Relief to restrain and enjoin Defendants from further violations;
3) Attorney fees and costs;

4) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher M. Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

## CERTIFICATION

I declare under penalty of perjury that no attorney prepared or assisted in the preparation of this document.

*/s/ Christopher M. Laccinole*
Christopher M. Laccinole

June 20, 2022
Date Executed

## CERTIFICATE OF SERVICE

The Plaintiff certifies that on June 20, 2021, he emailed and mailed a copy of the foregoing Second Amended Complaint via US Certified Mail, return receipt requested to Defense Counsel at:

Joshua J. Coe
Anthony M. Gantous
Anchor Legal Group, PLLC
5101 Cleveland Street, Suite 100
Virginia Beach, VA 23462

The Plaintiff,
Christopher Laccinole, *pro se*


*/s/ Christopher M. Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com